NOT FOR PUBLICATION

FILED

SEP 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD MARSCHALL,

Defendant-Appellant.

No. 22-30048

D.C. No. 3:20-cr-05270-BHS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted November 8, 2022
Seattle, Washington

Before: IKUTA and COLLINS, Circuit Judges, and FITZWATER,[**] District Judge.

Defendant-Appellant Richard Marschall timely appeals from his conviction

under the Federal Food, Drug, and Cosmetic Act ("FDCA") for shipping

misbranded drugs in interstate commerce in violation of 21 U.S.C. §§ 331(a)

and 333(a)(2). In an accompanying opinion, we reject Marschall's contention that

the indictment was defective because it failed to allege the requisite scienter. In

this unpublished memorandum disposition, we address Marschall's remaining

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

challenges to his conviction.  We affirm.

1.  In his opening brief, Marschall argues that the FDCA's definition of "drug" is unconstitutionally vague both on its face and as applied in his case. However, in his papers supporting his relevant motion to dismiss in the district court, Marschall explicitly stated that he "is not challenging the statute but rather the government's 'bad' *indictment* which is vague because it does not provide fair notice as to the conduct prohibited" (emphasis added).  The district court correctly rejected that challenge to the indictment, because the indictment here adequately (1) pleads "the elements of the offense charged and fairly informs [him] of the charge against which he must defend"; and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Hamling v. United States*, 418 U.S. 87, 117 (1974).  Because Marschall affirmatively disclaimed below the challenges that he now seeks to raise concerning the asserted vagueness of the underlying statute, we decline to consider them.  *See United States v. Kaczynski*, 551 F.3d 1120, 1123–24 (9th Cir. 2009).  And even if we were to review them for plain error, this case in our view does not present circumstances in which any such claimed errors seriously affected "the fairness, integrity or public reputation of judicial proceedings."  *Greer v. United States*, 141 S. Ct. 2090, 2096–97 (2021) (citation omitted).

2.  The Government did not violate Marschall's procedural due process

2

rights by failing to affirmatively warn him about the potentially illegal nature of his conduct prior to initiating criminal proceedings. We have already explained in our opinion that, in light of his prior conviction, Marschall had ample notice of the regulatory regime enforced in 21 U.S.C. § 333. To the extent that Marschall's argument rests on the contention that the statute was too vague to provide notice that his particular conduct was covered, that is merely a repackaged version of the vagueness claim that we have already rejected.

3. The district court correctly rejected Marschall's claims that his indictment and conviction violate the First Amendment. In the charged shipment, Marschall falsely identified himself as an "N.D." in materials accompanying the sold products, which he explicitly claimed would prevent and treat viral infections. As such, his commercial speech was materially false and misleading and therefore "is not protected by the First Amendment." *Thompson v. Western States Med. Ctr.*, 535 U.S. 357, 367 (2002). Moreover, the use of Marschall's representations about the products to determine that those products were objectively intended for use in the treatment or prevention of disease does not violate the First Amendment. *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993); *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 521–22 (1994); *Village of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495–97 (1982).

4. The district court properly declined to include, in the jury instructions, all

3

of the alternative definitions of "drug" that are contained in 21 U.S.C. § 321(g)(1).

*See United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013) (stating that we "review de novo whether the district court's jury instructions adequately presented the defendant's theory of the case" (citation omitted)).  The statute provides four alternative and cumulative definitions of what articles count as a "drug."  *See United States v. Storage Spaces Designated Nos. 8 & 49*, 777 F.2d 1363, 1366 n.4 (9th Cir. 1985) (rejecting, as "frivolous," the contention that the four alternative definitions create a "conjunctive test").  The indictment relied on only two of those four alternatives, and the Government ultimately elected to proceed only on one of those two at trial.  The other alternatives were therefore irrelevant and properly omitted from the jury instructions.

To the extent that Marschall further argues that the district court should have included language excluding from the definition of "drug" any food and dietary supplements for which certain "health claims" or "structure function claims" are made, we need not decide whether the district court erred, because any error would be harmless beyond a reasonable doubt.  Marschall's own proposed instruction stated that "[a] health claim or a structure function claim may *not* claim to diagnose, mitigate, treat, cure, or prevent a specific disease or class of diseases" (emphasis added).  Here, however, the only definition of "drug" used in the jury instructions required the Government to prove beyond a reasonable doubt that the

4

articles in question were "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease," and the Government's theory on that score rested dispositively on the claims made by Marschall in the materials accompanying the products. We have no reasonable doubt that the jury's verdict here rested on the conclusion that Marschall made a claim that the products would "diagnose, mitigate, treat, cure, or prevent a specific disease or class of diseases"—which, under Marschall's own proposed instruction, would defeat the food-and-dietary-supplement exclusion that he says should have been contained in the jury instructions.

**AFFIRMED.**